UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER A. LEIPHART,
Plaintiff,

vs. Case No.: 3:26cv3841/TKW/ZCB

PAM CHILDERS,
Defendant.
_________________________________/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed this action under 42 U.S.C. §1983. (Doc. 1). Defendant has filed a motion to dismiss. (Doc. 17). Plaintiff has not responded in opposition to the motion, despite being afforded an opportunity to do so. (Doc. 19). For the reasons below, Defendant's motion to dismiss should be granted.

### I. Plaintiff's Allegations

Plaintiff names Pam Childers "in her individual capacity as Escambia County Clerk of Court and Comptroller" as the sole defendant. (Doc. 1 at 1). Plaintiff claims that he is a party to an ongoing dependency proceeding in the First Judicial Circuit. (*Id.*). Plaintiff alleges that Defendant is the custodian of all court records in the First Judicial Circuit in the following counties: Escambia, Santa Rosa, Okaloosa, and

Walton. (*Id.*). Plaintiff alleges that he has suffered harm due to repeated delays in the production of courtroom records. (*Id.* at 2). From these "obstructions," Plaintiff alleges that he has been unable to exercise his right to appeal, present evidence, and conduct discovery. (*Id.*).

Plaintiff also claims that Defendant occupies an executive role with LifeView Group, Inc. ("LifeView"). According to Plaintiff, this role "creates an impermissible structural conflict of interest." (*Id.*). Plaintiff appears to allege that Defendant benefits from prolonging dependency cases because LifeView generates income from dependency cases. (*Id.*). Plaintiff alleges that Defendant's conduct violates his constitutional rights. (*Id.* at 3-4).

## II. Discussion

### A. Plaintiff lacks Article III standing.

In the motion to dismiss, Defendant argues *inter alia* that Plaintiff lacks standing. The Court agrees.

Article III of the U.S. Constitution limits the jurisdiction of federal courts to cases or controversies. "This case-or-controversy requirement, embodied in the doctrine of standing, confines the federal courts to a properly judicial role." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d

990, 996 (11th Cir. 2020) (cleaned up). To have standing, a "plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it." *Id.* At the motion to dismiss stage, a plaintiff bears "the burden of alleging facts that plausibly establish their standing." *Id.* Because standing implicates jurisdiction, "a court must satisfy itself that the plaintiff has standing before proceeding to consider the merits . . . ." *Gardner v. Mutz*, 962 F.3d 1329, 1338-39 (11th Cir. 2020).

Looking first to the injury requirement, "an injury in fact consists of an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical." *Trichell*, 964 F.3d at 996 (cleaned up). Here, Plaintiff has not plausibly alleged a concrete and particularized injury. He alleges that Defendant's supposed obstruction restricted his right to appeal, present evidence, and conduct discovery. (Doc. 1 at 2). But Plaintiff has not identified a specific appeal that was lost, a witness that became unavailable, evidence that was excluded, or an unfavorable ruling that was entered as a result of the alleged obstruction. Thus, he has not satisfied the injury requirement.

Even if Plaintiff had alleged an injury, dismissal would still be warranted because he has not plausibly alleged the second standing requirement, which is causation. To satisfy the causation requirement, "a plaintiff's injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Berrocal v. Atty. Gen. of the U.S.*, 136 F.4th 1043, 1049 (11th Cir. 2025). Here, Plaintiff has failed to plausibly allege that any injuries he allegedly suffered were fairly traceable to Defendant. Plaintiff fails to allege Defendant was personally involved or enforced any policy that injured Plaintiff. The complaint merely alleges that delays occurred and that Defendant is the Clerk of Court. (*Id.* at 2). Thus, Plaintiff has failed to satisfy the second standing requirement.

Because Plaintiff's complaint fails to plausibly allege the requirements for standing, this case should be dismissed as nonjusticiable.

**B. Even if Plaintiff established Article III standing, Plaintiff's complaint would still be subject to dismissal because he fails to plausibly allege a claim.**

Even if Plaintiff had standing, his allegations are insufficient to state a claim for relief. Thus, dismissal would also be warranted under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Plaintiff alleges that Defendant's affiliation with LifeView is a "structural conflict of interest" because LifeView has a "direct financial interest in the continuation, treatment, diagnosis and 'best interest' determinations." (*Id.* at 2). Plaintiff, however, pleads no additional facts to support his conclusory allegations. (See *id.* 1-4). Plaintiff fails to plausibly allege that Defendant received any compensation from LifeView, that she exercised any control over his proceeding, or that she took any action affecting his case. Plaintiff merely alleges that these obstructions occurred because of Defendant's conflict of interest. (*Id.* at 2-4). This is insufficient to plausibly allege a claim. The Court is not bound to accept Plaintiff's vague and conclusory allegations. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (holding a complaint must "state with some minimal particularity how overt acts of the defendant caused a legal wrong").

Moreover, Plaintiff alleges this action is brought pursuant to 42 U.S.C. 1983. (Doc. 1 at 1). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, (1988). Section 1983 "is merely a vehicle by which to bring these suits; it does not create any substantive federal rights." *Lesley v. David*, 186 F. App'x 926, 929 (11th Cir. 2006). In § 1983 actions, liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior. *Bryant v. Jones*, 575 F.3d 1281, 1299 (11th Cir. 2009). "A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations." *Braddy v. Fla. Dep't of Labor & Emp't Sec.*, 133 F.3d 797, 801 (11th Cir. 1998). To state a claim against a supervisory defendant under §1983, a plaintiff must allege:

> (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that

> put the supervisor on notice of an alleged deprivation that he then failed to correct.

*Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011).

Here, Plaintiff does not plausibly allege that Defendant personally participated in these supposed obstructions. (Doc. 2 at 2). Plaintiff merely alleges that the delays and obstructions occurred and Defendant is the Clerk of Court. (*Id.*). Plaintiff ultimately fails to plausibly state a claim against Defendant, as a supervisor, because he does not allege the existence of a "custom or policy that resulted in deliberate indifference to the Plaintiff's constitutional rights, facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it." *Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011). Accordingly, Plaintiff has failed to plausibly allege a claim.

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendant's motion to dismiss (Doc. 17) be **GRANTED.**

2. The Clerk of Court be directed to close the file.

At Pensacola, Florida, this 17th day of September 2026.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.